State vs. Heywood.

## No. 1264.

### THE STATE OF LOUISIANA VS. ANDERSON HEYWOOD.

<div style="float:right">
38 689
49 1531
38 689
51 1223
</div>

Article 29 of the Constitution, which provides that every law of the General Assembly must embrace but one object, and must express the same in the title, is mandatory, and any enactment which violates it is null.

Act No. 64 of 1884, entitled, "An act to provide for the punishment of the offense and crime of malicious threatening or threats, the malicious sending of threatening letters or communications of malicious publications, or resorting to malicious acts, or threats of injury to person, reputation or property, though no valuable thing be demanded, or sought to be extorted," embraces at least four separate objects, and is, therefore, unconstitutional, null and void.

APPEAL from the Twelfth District Court, Parish of Avoyelles. *Barbin*, J.

*M. J. Cunningham*, Attorney General; *John C. Wickliffe* and *John N. Ogden*, District Attorneys, for the State, Appellee.

*Cullom & Son* and *A. V. Coco* for Defendant and Appellant.

The opinion of the Court was delivered by

POCHÉ, J. The State has appealed from a judgment quashing an indictment against the defendant, brought under act No. 64 of 1884 entitled, "An act to provide for the punishment of the offense and crime of malicious threatening or threats, the malicious sending of threatening letters or communications, or malicious publications, or resorting to malicious acts or threats of injury to person, reputation or property, though no valuable thing be demanded or sought to be extorted."

The ground of the motion to quash is that the act in question is unconstitutional, being violative of article 29 of the Constitution of the State of Louisiana.

That article reads as follows:

"Every law enacted by the General Assembly shall embrace but one object, and that shall be expressed in its title."

A similar provision had been incorporated in previous Constitutions of this State, and was at different times subjected to judicial test; and it has been uniformly held that the provision was mandatory in its scope and character, and that a violation of its requirements would entail nullity on any act of the Legislature. Walker vs. Caldwell, 4 Ann. 297; State vs. Hackett, 5 Ann. 93; State vs. Harrison, 11 Ann. 722; State vs. Adeline, Ib. 736; Duvergé vs. Salter, 5 Ann. 94.

The following is the text of the act under consideration:

44

"SECTION 1. *Be it enacted by the General Assembly of the State of Louisiana,* That if any person shall, knowingly and maliciously, send or deliver, or cause to be sent or delivered, or cause to be received by another, any letter, postal card, written or printed matter, threatening to accuse him or her, or to cause or procure him or her to be accused of any fault, crime, offense or misdemeanor, or to charge, or cause or procure him or her to be charged, with any fault, misfortune, infirmity or failing, or to publish or make known any of his or her faults, misfortunes, infirmities or failings, or to injure or impair his or her good name, or reputation, or credit, or in any manner to cause him or her to be, or become subjected to, or liable to any public scandal, or public ridicule, or to subject him or her to any scandalous notoriety, or to any bodily harm, or if any person shall maliciously follow, or pursue, or intrude himself or herself upon another, at his or her home, place of abode, or residence, or at or in his or her place of business, office, or at any place of business or office where he or she may be engaged or employed, or on any public street or highway, or in any public place or place of public assembly whatsoever, against his or her will and consent, or shall in any manner, or by any means, maliciously threaten to wound, maim, kill, murder or inflict bodily harm on another, or shall maliciously threaten to burn, or destroy, or damage his or her building or other property, with malicious intent, though no money, goods or valuable thing be demanded, shall, on conviction, be imprisoned, with or without hard labor, not less than six months nor more than three years, and fined not less than fifty dollars nor more than five hundred dollars.

"SECTION 2. *Be it further enacted, etc.,* That this act shall take effect and be in force from the date of its promulgation."

As a sample of obscure composition, it can successfully challenge comparison with any legislative enactment that has been submitted to judicial investigation before this Court; and it has taken us many readings and deep study of its language before we could detect any definite object, as expressed in the title or contained in the body of the act.

But after a trying and patient examination, we have found, or at least we think we have discovered, in the body of the act, that provision is therein made for four separate objects, and that the objects contemplated are not all expressed in the title.

1st. The first object suggested by the inartistic language of the act is to provide for the punishment of threats of accusations or of injurious publications communicated by means of letters or other writings.

2d. The second is a provision for the punishment of the offense of maliciously following, or pursuing, or intruding on, another person, either in public or in private, against his or her will or consent.

3d. The third contemplates a penalty for making, in any manner, malicious threats to do almost any imaginable bodily harm on another.

4th. The fourth intention is to punish the offense of threatening to maliciously burn, or otherwise destroy or damage the building or other property of another. The proposition to punish an offender for sending threatening letters, contemplates an offense as distant from that of maliciously following another person as murder is from arson or burglary; it is also distinct from a threat to do bodily harm to another person, and it is not at all similar or kindred in its essence to that of threatening to burn or destroy the building or other property of another person. And, on inspection, it appears that the three other offenses denounced in the statute are essentially different and distinct from each other, and that each forms a separate subject or object of legislative enactment.

The reasons for such a constitutional provision as that now under discussion, have been considered by this Court in the opinions hereinabove cited, and need not here be repeated.

But the present statute, in the attempt of its framer to provide in one act for the punishment for threats of committing nearly all of the offenses denounced in our Revised Statutes, under the headings of offenses against persons and against property, would be strongly suggestive of the necessity of such a provision, if the same had not been inserted in the Constitution. We conclude that the statute is glaringly unconstitutional, and that it is nought but a dead-letter in the statutes of the State.

Judgment affirmed.